The Northern Pacific Express Company

*v.*

The Traders' Insurance Company of Chicago.

*Opinion filed December 18, 1899.*

Insurance—*description of lines of railroad in express company policy refers to date of policy.* A policy insuring an express company against loss by fire on express matter in transit "upon lines owned, leased and operated" by a specified railroad company, refers to lines so owned, leased and operated at the date of the policy rather than at the time of the fire.

*Northern Pacific Ex. Co.* v. *Traders' Ins. Co.* 83 Ill. App. 513, reversed.

Writ of Error to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

The express company instituted an action against the insurance company to recover under an insurance policy issued by the latter company. The declaration set forth the policy *in hæc verba.* The portions of the policy involved in this investigation are as follows:

"*The Traders' Insurance Company of Chicago, Illinois:*
    No. 019,322.                                    $48,000.
"In consideration of $480 do insure Northern Pacific Express Company against loss or damage by fire to the amount of forty-eight thousand dollars ($48,000) on express matter and accrued charges on same, only while contained in cars while in transit upon lines owned, leased or operated by the Northern Pacific Railroad Company, loss not to exceed $4800 in any one car. (It being agreed and understood that this insurance covers against loss by fire only on express matter of every description and kind owned by the assured, as well as their liability as common carriers, but this insurance shall not apply to express matter in cars while the same are in any building.) Against all such immediate loss or damage sustained by assured as may occur by fire to the property herein stated, not exceeding the sum insured, nor the interest of assured therein, except as hereinafter provided, from the 24th day of March, 1893, at twelve o'clock, noon, to the 24th day of March, 1894, at twelve o'clock, noon, the said loss or damage to be estimated."

The declaration averred the insured property was at the time of the fire in transit in a car on a line of railroad which was leased and operated by the Northern Pacific Railroad Company at the date of the execution of the policy of insurance. The court construed the policy to create liability against the insurance company only in the event the "express matter" consumed by fire should be, at the time of the fire, in transit on a line of railroad which, at the time of the fire, was owned, leased or operated by the Northern Pacific Railroad Company, and sustained a demurrer to the declaration. The plaintiff in

error abided its declaration, and judgment was entered dismissing the action. This is a writ of error to bring into review the judgment of the Appellate Court affirming that of the circuit court.

Kemper K. Knapp, for plaintiff in error.

Dupee, Judah, Willard & Wolf, for defendant in error.

Mr. Justice Boggs delivered the opinion of the court:

We think the circuit court misinterpreted the meaning of the policy. The design of the parties to the policy was to provide and secure indemnity against loss by fire to property in the custody of the express company while in transit. The property to be insured was such as should be in the possession of the express company and in transit in its cars at the time of the loss by fire, and therefore the liability of insurer could not be limited by the specification of certain articles of property in the policy or to such articles only as should be destroyed at designated points or places. The nature of the business of the assured and the situation and character of the property demanded a contract to a degree general in terms as to property and the location thereof. Business prudence on the part of the insurer, however, forbade the issuance of policies wholly without restriction or conditions as to property and the place of its destruction. The number of cars to be used or likely to be used, and where the same were to be transported, entered materially into consideration, and the average amount of business to be transacted became also an important feature. This data as to given lines of railroad was obtainable. The lines of railroads owned, leased and operated by the Northern Pacific Railroad Company when the policy was written were then known to the contracting parties. The extent of their mileage, the territory they traversed, the dangers from fire to be apprehended along such lines, and the ap-

proximate number of express cars that would be needed to answer the purposes of the business of the express company in the territory through which such lines of road passed, the contents whereof were the subject matter of the indemnity, were elements entering into the contract of insurance. The designation of the lines of railroad in the policy was with the design of limiting the liability of the insurance company to losses by fires to property while in transit on those lines and as matter of description of the identity and locality of the insured property. In policies covering stocks of merchandise similar methods are adopted in order to establish the identity and locality of the stock which is to be protected,—as, for instance, describing the insured property to be a stock of merchandise contained in a brick building belonging to A B, situate at the corner of given streets. In such policies the designation of the building is merely matter of description of the identity and locality of the property to be covered by the policy, and it is not essential to the right of the owner of the stock that is so insured to recover, the ownership of the building shall be the same at the time of the fire as at the time the policy was issued.

It is manifest the care and prudence of the Northern Pacific Railroad Company in the operation of its trains was not the consideration which induced the designation of the lines of railroad of that company as defining the liability of the insurer, for the reason that liability attached upon all lines then owned by said railroad company, whether operated by it or not. A contrary construction of the policy, though urged in this case by the insurance company, would operate unjustly and harshly against such companies. After the execution of such a policy the railroad company whose lines of railroad were adopted in such policies for the purpose of defining the territory within which the insurance company should be liable to respond for the destruction of property by fire,

might acquire by purchase or lease, or operate under contract, many other additional lines of railroad located through entirely different territory, and if the construction contended for should be given the policy, an express company holding such policy might extend its business over such additional lines and operate its cars on any or all such after acquired lines of railroad, and be protected by the policy issued to it at a time when such railroad company had but a single line of railroad.

The judgment of the Appellate Court and that of the circuit court are each reversed, and the cause is remanded to the circuit court with directions to overrule the demurrer and require the defendant company to plead to the declaration.                    *Reversed and remanded.*